**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIA CHEN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71327

Agency No. A088-450-750

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Xia Chen, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence. *Ahmed v. Keisler*, 504 F.3d 1183, 1191 (9th Cir. 2007). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Chen failed to establish it is more likely than not that she will be tortured if returned to China. *See id.* at 1201.

With respect to Chen's asylum and withholding of removal claims, substantial evidence supports the BIA's determination that Chen did not suffer harm that rises to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (petitioner did not establish past persecution where the petitioner was arrested and detained for three days, interrogated, and struck with a rod ten times). However, as to Chen's future fear, substantial evidence does not support the BIA's nexus determination, because Chen's testimony and supporting affidavits establish that an imputed religious opinion was one central reason for the police's interest in her. *See Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir. 2004) (statements by persecutor can establish nexus); *Shoafera v. INS*, 228 F.3d 1070, 1074-75 (9th Cir. 2000) (persecutor's motive can be established by petitioner's credible testimony and witness testimony). Because the BIA erred in its nexus determination, it did not fully consider Chen's claim of future persecution.

Accordingly, we grant the petition as to Chen's asylum and withholding of removal claims, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**